Totten, J.
delivered the opinion of the court.
This bill was filed in chancery at Cleveland, to redeem a tract of land. The land was sold, in pursuance of a decree of the chancery court at Madisonville, by the clerk and master of the court at Athens, McMinn county, on the 18th September, 1841, to defendant Gettys for $560, and the sale confirmed by decree on the 23d of September, 1841. Gettys resided in McMinn at the time of the purchase and from that time to the present.
On the 17th September, 1843, the plaintiff, who was the debtor and entitled to redeem, went to the clerk and master at Madisonville, and offered to pay him the redemption money, the clerk advised him that defendant Gettys was the proper person from whom to redeem. The proof tends to establish the fact, and we take it as true, that plaintiff went to the house of the defendant at Athens, on the 21st September, 1843, and not finding him at home, returned on the 23d September, to redeem his land, and having the money with him for that purpose. Defendant was not at home, or was not seen, and plaintiff left a note at his house stating his business, and 'that he was yet ready to redeem. Defendant denies having any knowledge or information that plaintiff had been at his house or left a note, nor is there any proof to the contrary or showing with whom, in particular, the note was left. It does not appear where Gettys was at the time, but it may be inferred that he was not absent from the county, but somewhere in the neighborhood of Athens, and by mere casualty was not at his residence when the plaintiff called to redeem; because, there is no proof, impeaching him of the charge of avoiding the plaintiff, with a fraudulent purpose to defeat the redemption. No further effort was made to redeem within the two years from the date of the confirmation of the sale. The chancellor dismissed the bill, and plaintiff appealed to this court.
*137 It is argued by plaintiff’s counsel, that in the circumstances of this case, the efforts made by the plaintiff to redeem, should, in equity, be held as equivalent to a tender and refusal, and in support of this position, it is insisted, that there was not such an absence of defendant from his usual place of residence as to authorize the redemption money to be paid to the clerk of the county court, and therefore, as the defendant was not to be found when the plaintiff called to redeem, he should yet have the right to redeem.
Now as the debtor has two years to redeem, it is difficult to consider him exempt from the imputation of negligence, if he wait until the last hours allowed him to redeem, yet we will suppose that such a case may be possible. In the present case, however, the debtor had one other day to redeem, after the day he was at defendant’s residence, the day of the sale being excluded in the computation of the two years allowed him to redeem. See Jones vs. Planter's Bank, 5 Hum. R. 619.
It was competent for him to have tendered or made a proper payment of the money on the 24th September, 1843, but it does not appear that any attempt was made to do either.
But in view of the facts of this case, we think he might well have paid the money to the clerk of the county court, and that it would have been a good redemption.
The act referred to, 1824, ch. 20, provides, that if the purchaser shall absent himself from his usual place of residence, or reside out of the county where the sale was made, it shall be lawful for the person entitled to redeem, “to pay the redemption money to the clerk of the county court of his county.”
The act of 1844, ch. 189, repeals the act of 1824, ch. 20, and provides, that where real estate shall be sold on “execution” by a sheriff, and the purchaser shall absent himself from his usual place of residence, “or shall reside out of the county where such sale was made, so as to prevent a tender of the money due upon the redemption of any property sold under *138 the laws of this State, then and in all such cases, it shall and may be lawful for such person or persons (entitled to redeem) to pay the redemption money to the clerk of the circuit court of his, her or their county,” and such payment shall be a valid redemption.
The act in terms, authorizes this mode of redemption in case of sale by a sheriff in virtue of an execution, but proceeding in more general terms, it provides, that where the debtor, by reason of the absence or non-residence of the purchaser “is prevented from tendering the money due upon the redemption of any property sold under the laws of this State,” it may be paid to the clerk of the circuit court. Now as the sale may be made on mortgage, or deed of trust, or on decree in chancery, which is the present case, as well as on judgment and execution, in all which cases, the debtor has the same equity of redemption, it is not to be presumed, that the Iegis-ture intended to limit and restrict this safe and convenient mode of redemption to the case of a sale on judgment and execution. The equity of redemption is a favored right in the legislation of the State, and it was the intention of the act in question, to render its assertion more convenient and certain to the debtor. The fair construction of the statute is, that this mode of redemption is alike applicable to all cases, whatever be the mode or kind of sale, where the debtor has a lawful right to redeem. The next enquiry is — in what county may the money be paid ? The statute provides, that the person or persons entitled to redeem, may pay the redemption money to the clerk of the circuit court of his, her or their county.” We may suppose the sale to be in the county of McMinn, and the debtor and purchaser to be resident elsewhere, in different divisions of the State. Shall the debtor be allowed to pay the money in the county where he may thus happen to reside, and to which, perhaps, he may have removed in the two years allowed him for redemption? Such *139 construction might be very inconveniént and injurious to the purchaser. But suppose the debtor to be a non-resident of the State, in what county may he lawfully pay the redemp-tion money? If there be several debtors resident in several counties in the State, and having a common right to redeem, in what county may they lawfully pay the money? A literal construction of the statute would not meet its general intention, or remove the difficulties to which we have referred.
It is generally true, that the debtor resides on his land and in the county where the sale is made, and it is certainly convenient for both parties if the land is to be redeemed, that it be done in the same county where it was sold.
This is the ordinary case, in the immediate contemplation of the statute, and we think, that we shall best conform to its general intentions, by holding, that, in all cases where the debtor has the right to pay the redemption money to the clerk, upon the grounds before stated, he shall pay it to the clerk of the circuit court in the county where the sale was made, without regard to the locality of the land or the residence of the debtor. If it be more convenient for the debtor, he has undoubtedly the right which belonged to him before the present statute, to pay or tender the money to the purchaser or person claiming under him, wherever he may be found. But if it be inconvenient or impracticable to pay to him personally, it is highly important to the safety of the right, that he know with absolute certainty, where the redemption money may lawfully be paid. To meet this exigency, the statute in question was made, and we have endeavored to construe it so as to promote the evident intention. .
Now, to apply this construction to the present case, the sale was in the county of McMinn, and the debtor went in good faith to the residence of the purchaser who resided in the same county, prepared and with the view to redeem his land, the debtor was absent from his usual place of residence and *140 .no payment could be then made to him. It was competent and lawful for the debtor, without calling again for the purchaser, to pay the money to the clerk — in this case, to the clerk of the county court, the transaction having occurred before the act of 1844, which is in all other respects, identical with the act of 1824.
The plaintiff having failed and neglected to pay the redemption money, within the time allowed him, his equity no longer exists, and the title of the plaintiff is absolute.
The decree of the chancellor dismissing the bill is affirmed.